LABADIE *v.* PERRY.

MUNICIPAL CORPORATIONS—CONTRACTS — SIDEWALKS — PUBLIC IMPROVEMENTS—IMPLIED CONTRACT.

A property owner living in a village is not liable for a cement walk, constructed in front of his property by a contractor who had an agreement with the village to construct crosswalks, sidewalks, etc., the village to pay half the cost of walks built in front of private property; where no notice was given such owner to construct the sidewalk under section 2778, 1 Comp. Laws, and no attempt was made to assess the owner

for such public improvement, or determination reached to require him to pay any part of the expense. 1 Comp. Laws, § 2776. No implied contract arises from defendant's knowledge and acceptance of the benefits.

Error to Wayne; Donovan, J. Submitted January 17, 1912. (Docket No. 109.) Decided May 31, 1912.

Assumpsit in justice's court by Antoine Labadie and another against James G. Perry for work, labor, and materials. Defendant appealed to the circuit court from a judgment for plaintiffs. A judgment for plaintiffs on a verdict directed by the court is reviewed by defendant on writ of error. Reversed, and no new trial granted.

*Ignatius J. Salliotte,* for appellant.

*Ari E. Woodruff* (*Frank W. Atkinson,* of counsel), for appellees.

McALVAY, J. Defendant seeks to review, upon writ of error, a judgment rendered against him in a suit brought by plaintiffs in justice's court in assumpsit to recover from defendant for material, work, and labor claimed to have been furnished for the construction of 300 feet of sidewalk at 6 cents per foot, built in the village of Ford, Wayne county, in the year 1897. Upon the trial in the circuit court, at the close of plaintiffs' case, defendant by his counsel moved to direct a verdict for defendant, stating the ground of his motion. After some colloquy between court and counsel, not necessary to be quoted, a verdict was directed for plaintiffs, to which ruling defendant excepted. Upon this directed verdict the judgment was entered.

The facts in the case do not appear to be in dispute. Plaintiffs entered into a written contract with the village of Ford to furnish all material and labor and build and construct, at their own cost and expense, certain cement crosswalks, alley crossings, intersections, and sidewalks within said village according to certain specifications, for the following prices: 12 cents for sidewalks and intersec-

tions; 13 cents for alley crossings; 16 cents for crosswalks; "the said village to pay all crosswalks, alley crossings, and intersections, and to pay 6 cents per foot for all sidewalks built in said village." Defendant was not a party to this contract, and was not notified by the village that it sought to charge him or his real estate abutting upon these sidewalks with the cost of its construction, and no proceedings were ever taken by the village authorities to assess the same against his real estate. Defendant never had any understanding or agreement with plaintiffs to build this sidewalk for him, or that he would pay for its construction.

The theory of plaintiffs was that they could recover from him upon an implied contract, that no notice was required other than his knowledge of the fact that the sidewalk was constructed in front of his lots. The village of Ford is not a party to this suit, and has never notified or required defendant to build such sidewalk, or determined that he should pay the whole or a part of the expense of constructing it.

Defendant assigns error upon the refusal of the court to grant his motion to direct a verdict in his favor, and for directing a verdict in favor of plaintiffs. The village of Ford is incorporated under the general law for the incorporation of villages in this State.

The material provisions of this statute relative to sidewalks, giving the municipality authority to contruct and to require abutting owners to construct and maintain sidewalks within such villages, briefly stated, are as follows: The council is given control of all sidewalks in the public streets and alleys of the village, and may prescribe the grade thereof and change the same when deemed necessary. It is given power to build, maintain, and keep in repair sidewalks and crosswalks in the public streets and alleys, to charge the expense of constructing and maintaining such sidewalks upon the lots and premises adjacent to and abutting upon such walks, also authority to require the owners and occupants of lots and premises to

build and rebuild, maintain, and keep in repair such sidewalks, upon grades fixed, and of character of materials and within such time as required by ordinance or resolution, and bear all the expense of the same, "or the council may by a two-thirds vote of all the trustees elect pay such part of the expense of building or rebuilding such walk as they may deem proper from the general street fund or district fund."

Power is given the council by ordinance or resolution to require abutting owners and occupants to remove snow, ice, and all other obstructions from such walks:

"*Provided*, that the council may by a two-thirds vote of all the trustees elect, provide by ordinance for the rebuilding, maintaining, and keeping in repair of all sidewalks within the village, and for the removing of all ice and snow therefrom, and for keeping the same free from incumbrances, and pay the expense thereof from the general street fund, or from the street district fund." [1 Comp. Laws, § 2777.]

This statute makes provision for the enforcement and payment to the village for expense incurred by it on account of anything done relative to sidewalk construction, etc., which was chargeable to owners or occupants, by providing for a special assessment of such expense, with 10 per cent. penalty upon abutting premises to be collected as other village taxes or in an action of assumpsit against the owner or occupant. There is also a provision giving the council general supervision and control of all sidewalks within the village, with like authority as is given by general laws of the State. No village ordinances appear to have been enacted upon the subject. The legislative plan and intent in this legislation is not complex. It may be said to have provided that the municipality controls the sidewalks, that it could construct them and could require the lots benefited to bear the expense, or it could require the owners to build and pay for them, or by a two-thirds vote lay such part of this burden as seemed proper upon certain funds.

The same power and authority is given relative to rebuilding, etc. No provision whereby power is given to the municipality to lay any burden upon the owners or occupants of abutting property except as stated, and, when such burden is so placed, the method as provided for its enforcement, is by assessing it against the property and collecting as other village taxes, or collecting the assessment by an action in assumpsit. No attempt has been made by the municipality to make the expense of constructing this sidewalk a liability against defendant or his property. The contract plaintiffs made with the village does not indicate that such was the intention. In order to charge defendant with liability for the construction of this sidewalk, compliance on the part of the village with the provisions of the statute was absolutely necessary. The village could not contract for defendant, or create liability against him by contracting with plaintiffs to construct this sidewalk. No implied contract arises in this case on account of acceptance of benefits. Under the statute, the village had power to construct this sidewalk and pay for the same out of the general street fund or district fund, and upon this record no presumption to the contrary arises. Defendant had a right to assume that the village authorities would comply with the provisions of the statute. In no view of the case could any action be maintained by plaintiffs against him. A verdict should have been directed as requested by defendant.

The judgement is reversed, and no new trial granted.

MOORE, C. J., and STEERE, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.